IN THE OREGON TAX COURT
REGULAR DIVISION
Mandamus; Review
Personal Income Tax

| | | |
|---|---|---|
| THERESA M. SEELEY, | ) | |
| | ) | |
| Plaintiff-Relator, | ) | **TC 5488** |
| v. | ) | |
| | ) | **ORDER DISMISSING PETITION FOR** |
| DEPARTMENT OF REVENUE, | ) | **WRIT OF MANDAMUS AND WRIT OF** |
| | ) | **REVIEW, AND DENYING** |
| Defendant. | ) | **DEFENDANT'S MOTION TO DISMISS** |

This personal income tax matter is before the court on Relator's "Petition for Writ of Mandamus per ORS 34.120(2)," filed September 24, 2025, which the court alternatively considers as a petition for a writ of review. Relator asks the court to order Defendant to take various actions as to tax years beginning as early as 1992. (*See, e.g.,* Rel's Petition at 14 (seeking information return corrections for years 1992 through 2022 and beyond).) The court concludes that these requested actions constitute five claims for orders requiring Defendant to (1) pay or credit to Relator certain tax, penalty, and interest amounts, including correcting information returns to support the payments or credits; (2) correct certain information returns in support of Relator's potential claims for retirement or other benefits; (3) temporarily stay penalties and interest; (4) conduct an audit of Relator's former employer, Portland Public Schools (PPS); and (5) pay damages for harassment, fraud, and emotional distress.

On November 18, 2025, the court held a case management conference (CMC) and ordered briefing to aid the court in addressing three issues before issuance of any writ.[1] First,

___

[1] The court ordered the CMC and briefing to be conducted jointly for this case and for TC 5489, in which Relator filed a petition against PPS. Relator's petition in TC 5489 is addressed by separate order, also issued today.

whether Relator's claims are within the court's subject matter jurisdiction. *See* ORS 34.120(2) ("The regular division of the Oregon Tax Court shall have jurisdiction in mandamus proceedings in all cases within its jurisdiction as described in ORS 305.410 * * *.").[2] Second, to the extent that the court has subject matter jurisdiction over the claims, whether Relator has a plain, speedy, and adequate remedy at law that precludes issuance of a writ of mandamus. *See* ORS 34.110 ("The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."); *State ex rel Portland Habilitation Center v. PSU*, 353 Or 42, 60, 292 P3d 537 (2012) (upholding trial court's pre-issuance dismissal of mandamus petition based on determination that relator had a plain, speedy and adequate remedy available). Third, how the court should proceed if the petition is viewed as one for writ of review. *See* CMC Summary (Nov 18, 2025). Based on the parties' responses to these issues, the court concludes that it is required to dismiss the petition in its entirety.

As to the first issue--subject matter jurisdiction--the court applies the Oregon Supreme Court's framework in *Sanok v. Grimes*, concluding that this court lacks jurisdiction as to Claims (2), (4), and (5) because relief under those claims would not affect Relator's tax liability. *Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983). This conclusion requires the court to dismiss the petition as to those three claims, regardless of whether the petition is construed as one for writ of mandamus or for writ of review. However, Claim (1) is squarely within the court's subject matter jurisdiction, and the court is unable to determine whether Claim (3) is within its subject matter jurisdiction. As to those two claims, dismissal on subject matter jurisdiction grounds is not appropriate.

---

[2] References to the Oregon Revised Statutes (ORS) are to the 2025 edition.

Turning to the second issue, the court concludes that Relator has a plain, adequate, and speedy remedy at law, namely appeal to the Magistrate Division, for the two remaining claims, Claims (1) and (3). Therefore, construing the petition as one for writ of mandamus, the court must dismiss those two claims.

Finally, the court concludes that, construed as a petition for writ of review as to the two claims within its jurisdiction, the petition is untimely because it was not filed within 60 days from the date of any "decision or determination" of Defendant as required by ORS 34.030(1). This conclusion deprives the court of review jurisdiction as to Claims (1) and (3) and thus requires dismissal of the petition in its entirety.

## I. ISSUES

A. Whether this court has subject matter jurisdiction under ORS 305.410 to order the actions Relator requests.

B. To the extent that the court has subject matter jurisdiction, whether Relator has a plain, speedy, and adequate remedy at law such that issuance of any writ of mandamus is precluded.

C. To the extent that the court has subject matter jurisdiction, whether the court should issue a writ of review in lieu of a writ of mandamus.

## II. ANALYSIS

A. *Subject Matter Jurisdiction Under ORS 305.410*

ORS 34.120(2) provides, in relevant part, that "[t]he regular division of the Oregon Tax Court shall have jurisdiction in mandamus proceedings in all cases within its jurisdiction as described in ORS 305.410 * * *." Under Oregon Supreme Court case law, to determine jurisdiction under ORS 305.410, this court undertakes a three-part analysis:

ORDER DISMISSING PETITION FOR WRIT OF
MANDAMUS AND WRIT OF REVIEW, AND
DENYING DEFENDANT'S MOTION TO DISMISS
TC 5488

"1.    Identify the 'subject matter of each claim.' *Sanok*, 294 Or at 689 n 22.

"2.    Determine whether any statute 'expressly' or 'positively' (*id*. at 692)

    "a.    Precludes jurisdiction in this court (*see, e.g.,* ORS 305.410(1)(a)-(o) (listing provisions that 'are not tax laws of this state'));

    "b.    Confers jurisdiction in this court (*see, e.g*., ORS 320.330 (providing for 'appeals to the Oregon Tax Court')); or

    "c.    Confers jurisdiction in a different court (*see Sanok*, 294 Or at 692 n 6 ('Where jurisdiction over a case is positively located in another court, then that procedural fact implies that the case is not one "'arising under the tax laws'" and is not within the jurisdiction of the Tax Court.").)

"If the legislature has expressly defined jurisdiction in any of these ways, no further analysis is needed.

"3.    If no statute expressly precludes or confers jurisdiction, determine whether the matter arises under the 'tax laws of this state,' a term that the legislature has defined only by the list of exclusions in ORS 305.410(1). *See id.* at 692.  The Supreme Court's framework aids in this task by providing:

    "a.    'Questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws.' *Sanok*, 294 Or at 697.

    "b.    A 'claim is not one "'arising under the tax laws'" unless it has some bearing on tax liability.' *Id*. at 701."

*Hefflinger v. Dept of Rev.,* __ OTR __ (Oct 9, 2025) (slip op at 3-4).

   1. *Analysis of Relator's Claims*

Turning to the first step, identifying the subject matter of each claim, the court starts with a list in the petition reciting nine actions that Relator asks the court to command Defendant to perform (each, a Request):

"1.    Recover unremitted W2 Box 17 state taxes withheld from the Relator's pay from the negligent employer: Years 2014, 2015, 2016, 2017, 2018, and any prior years of this negligent pattern;

"2.    Credit for Overpayment of tax, penalty and interest assigned to tax-payer 2014-2018 for: improper tax adjustment, & all prior years of existing pattern;

"3.     Seek 2022 1099R corrections for: a) State Street Box 5 according to tax record: W2 Box 14, Years: 2004-2022;

"4.     Seek total compensation record and remittances by W2 corrections from Negligent Employer, and for a) missing statutory MPPT, b) missing MPAT, c) corrected Gross d) Corrected: W2 Box 1, 3, 5, 12, 14, 13, 11; 3) remittances base salary by corrected gross, or total compensation of cash and non-cash salary;

"5.     Other Corrections to 1099Rs 2022 forward

"a)     "Relator does Not have two accounts for State of Oregon Monthly Payment (1099Rs-2023); and

"b)     "1099Rs 2022 forward: Box 7 codes: all State of Oregon Payments are a Normal Distribution-Code, relative to plan provisions for Normal Retirement Age, & Code 2 an Early Distribution-with an Exception Known-relative to not subject to an Early Penalty Tax;

"6.     Correction for 2013 'Recharacterization' of PERS funds 2013 forward, and any prior years with this pattern;

"7.     Stay of all penalty and interest from 10/31/24 forward until fiduciary corrections, completion of Amended Return: YEARS 2021, 2022:

"8.     The Relator requests an Employer Audit for Relator's records and employees listed: 7/16/19, and case: *Slovic and Sordyl v. Portland Public Schools*, for similar patterns, as allowed by law, 150-316-0359 OAR 150-316-0480(3)(a), 150-316-0336 Employee's Rights. and by other parts of the Oregon Tax code.

"9.     Corrections to all affiliated agencies-IRS, Social Security Administration, Public Employees Retirement Board, others.

(Rel's Petition at 27-28.)

The court adds to this list two items:

- *Misspelled name.* Relator alleges that Defendant misspelled her last name on various tax-related documents. (*See* Rel's Petition at 7 ("During this period of unlawful taxation, the Relator's tax documents from DOR were in an incorrect spelling of the Relator's last name, SEELLY (incorrect) multiple years, starting around 2009. There was no reason for the tax ID to generate documents with an incorrect last name, and is one of many mistakes and oversights by DOR: 2009-2025, and failure to administer the tax code[.]").)

- *Harassment, fraud, emotional distress, conspiracy.* Although not listed in the Requests, Relator elsewhere alleges that Defendant "acquired unnecessary payments from the Relator in acts of theft by deception." (Rel's Petition at 8, 10.) At oral argument, Relator confirmed that her petition includes claims for non-pecuniary damages for harassment, fraud, and emotional distress, and conspiracy to deceive. (Statement of Theresa Seeley, CMC, Nov 18, 2025, 1:59.)

Applying the first part of the *Sanok* analysis, the court sorts the nine Requests and two additional items into "claims." Recognizing that no all-purpose definition of "claim" exists, the court follows the approach of the Oregon Supreme Court in *Universal Foods*, grouping the Requests and other items based on "significant factual overlap" and on whether they assert a single "legal right" or a single "recovery." *See Dept. of Rev. v. Universal Foods Corp.,* 311 Or 537, 547-49, 815 P2d 1237 (1991) (considering definition of "claim" for purposes of limited judgment rule under Tax Court Rule (TCR) 67 B); *see also Chevron v. Dept. of Rev.*, __ OTR __ (Jan 6, 2026) (same). By this method, the court concludes that Relator makes five claims:

*Claim (1): Requests for refund of, or relief from, overpaid tax, penalty, or interest, including correction of records necessary for a tax refund or for relief from tax assessment.* Defendant concedes, and the court readily agrees, that Requests 1 and 2, relating to payment or credit to Relator of personal income tax, penalty, or interest, are within the Tax Court's jurisdiction. (*See* Def's Response Appendix, Summary of Claims and Jurisdiction.) A taxpayer's request for payment or credit of overpaid income tax amounts is governed by ORS 305.270, which specifically provides for appeal in this court in subsection (10). Relator makes such a claim here. (*See* Rel's Petition at 20 ("The Relator does not owe DOR tax. DOR owes the Relator an Overpayment, of approximately $28,390.79, with interest.").) The court concludes that ORS 305.270(10) expressly confers jurisdiction on this court pursuant to part 2.b. of the *Sanok* analysis as summarized above.

Defendant concedes further that Requests 3 through 6, seeking correction of tax information returns and other records, including IRS Forms W-2 and 1099, are within the Tax Court's jurisdiction "to the extent that Relator disputes state tax liability based on the amounts reported on the information returns." [3] (*Id.*) The court accepts this limited concession based on the premise that correcting the data shown on information returns may be within Defendant's administrative powers and ancillary to determining the correct amount of any refund or assessment of tax.

Thus, Relator's Claim (1), comprising Requests 1 and 2, as well as one possible interpretation of Requests 3 through 6, is governed by an express statutory conferral of jurisdiction on this court. For that reason, the court concludes that jurisdiction as to Claim (1) lies with this court, and "no further analysis is needed." *Hefflinger* __ OTR __ (Oct 9, 2025) (slip op at 4).

*Claim (2): Failure to correctly report data on pay, tax, or retirement plan reports for purposes other than determining state tax liability.* The court discerns a second claim, present in Requests 3 through 6 and in Request 9, to the extent that Relator asks the court to order Defendant to correct (or to order PPS to correct) various information returns for reasons other

---

[3] Oregon relies to a substantial extent on federal tax information reporting requirements, generally requiring copies of federal forms to also be filed with Defendant. *See* ORS 314.360(1). Federal information returns include Internal Revenue Service Form W-2, used by an employer to annually report payment of wages, along with taxes withheld from wages, including Oregon income tax as well as federal income tax, social security tax, and Medicare tax. *See* Internal Revenue Code (IRC) § 6051(a). Form 1099, including several variations, is issued by a payor of income other than wages. *See generally* IRC § 6041(a); 26 CFR § 1.6041-2(a)(1) (wage payments reported on Form W-2, not Form 1099). For example, a person paying for services from someone who is an independent contractor and not an employee generally must issue a Form 1099-NEC to report that payment. *See* Instructions for Forms 1099-MISC and 1099-NEC (Apr 2025), available at https://www.irs.gov/instructions/i1099mec#en_US_202504_publink100019843.

A retirement plan generally must issue a Form 1099-R to report distribution of funds to a participant in the plan. *See* 2026 Instructions for Forms 1099-R and 5498 (Jun 2026), available at https://www.irs.gov/pub/irs-pdf/i1099r.pdf. Copies of all information returns must be delivered to the payee. *See* IRC § 6051(a) (employer to furnish "receipt" to employee); IRC § 6041(a) (payor to furnish statement of other income paid). References to the IRC and to federal regulations are to the respective editions in effect as of the date of this order.

than to receive relief from tax, penalty, or interest. The petition and Relator's responsive brief suggest that one of Relator's goals is to support her position that benefits she is entitled to receive from Oregon's Public Employees Retirement System (PERS), social security, and Medicare have been, or will be, underpaid, including because she was misclassified as an independent contractor rather than as an employee eligible for benefits. (*See* Rel's Petition at 18-19 (alleging evidence of misclassification); *Id*. at 26 ("These mistakes, left uncorrected, serve to reduce the Relators state of Oregon ORS 238 TIER One plan determinations by about 75%, for the life-time payment, by about 65% of IAP Remittance (2022 State Street), and projects prematurely ending the life-time payments, and denies the Relator at least 50% of the owed FICA taxes toward the Relator's future social security and Medicare benefits, at application.").) The court does not read Requests 3 through 6 and 9 as a request to compel Defendant to determine, or to pay to Relator, specific amounts of Oregon or federal benefits; jurisdiction over claims for unpaid or underpaid benefits is expressly vested in tribunals other than this court.[4] Rather, the specific issue under Relator's Claim (2) is whether the court has jurisdiction to order Defendant to take the intermediate action of making or ordering a correction of the returns that inform those determinations.

---

[4] State retirement benefit determinations are governed by PERS' administrative rules under the Administrative Procedures Act. *See* OAR 459-001-0030(2) (allowing request for review of benefit determination); *id*. at (9)(b) (allowing request for contested case hearing). A person aggrieved by a contested case order issued by PERS may appeal the order to the Oregon Court of Appeals; a person aggrieved by an other than contested case order may appeal to a circuit court. *See* ORS 183.310(1) (defining agency); ORS 183.482(1) (allowing appeal of contested case orders in Court of Appeals); ORS 183.484(1) (allowing appeal of other than contested case orders in circuit court).

Federal social security and Medicare benefit appeals begin with an administrative process that is reviewable in the United States District Court. *See* 42 USC § 405 (social security); *see generally* Appeal a Decision We Made, *available at* https://www.ssa.gov/apply/appeal-decision-we-made ; 42 USC § 1395ff; *see generally* Medicare Appeals, *available at* https://www.medicare.gov/publications/11525-medicare-appeals.pdf.

Applying the second part of the *Sanok* framework, the court considers whether any statute expressly vests or precludes jurisdiction in this court, or vests jurisdiction in another tribunal. As to Oregon information returns, ORS 314.360(1) requires the filing of information returns under rules prescribed by Defendant. However, nothing in that statute, or in Defendant's rules thereunder, expressly addresses claims, in this court or any other, by a recipient of an information return or of benefit data to compel corrections. *See id;* OAR 150-314-0140; *see also* ORS 316.202 (employer information returns). Nor is the court aware of any Oregon statute that expressly precludes jurisdiction in this court, or vests jurisdiction elsewhere, for such claims. As to federal laws governing information returns, neither party points to any express statutory authority that (a) allows a recipient of an information return or of benefit data to compel corrections, or (b) addresses which tribunal can enforce any duty to make corrections.[5]

The court proceeds to the third part of the *Sanok* analysis, testing whether the alleged reporting errors affect Relator's tax liability. By definition, they do not. Defendant has conceded jurisdiction to the extent that Relator seeks a tax refund or relief from tax as her end result, but alleged reporting errors that affect the amount of benefit payments owed can affect tax liability only after any additional benefits are paid or otherwise become income to Relator. Until then, any effect on tax liability is speculative and cannot confer jurisdiction on this court.[6]

---

[5] The court is aware of two federal administrative remedies available to taxpayers seeking a correction of information returns, but the court has not readily found a discussion of where judicial review lies. The Internal Revenue Service provides a substitute, self-completed form that a taxpayer may use at the time of filing a return, if an employer furnishes an incorrect Form W-2 and fails to correct an error pointed out by the employee. *See* IRS Form 4852 (Sept 2020), *available at* https://www.irs.gov/pub/irs-pdf/f4852.pdf. At a later stage, a taxpayer may ask the Social Security Administration to correct reported social security wages under 20 CFR § 404.822 (entitled "Correction of the record of your earnings after the time limit ends").

[6] Relator's allegations regarding the misspelling of her name appear to relate to tax- or benefits-related documents that may or may not affect Relator's tax liability. The court therefore treats the misspelling allegations as part of either Claim (1) or Claim (2).

*Claim (3): Stay of penalty and interest.* Applying the first part of the *Sanok* framework, the court determines that Request 7 is its own claim (Claim (3)), seeking an order directing Defendant to "stay" all penalties and interest from October 31, 2024, until corrections and amended returns are completed for tax years 2021 and 2022.

As to the second part of the *Sanok* framework, Defendant argues that the legislature has expressly placed Claim (3) outside the jurisdiction of the Tax Court under ORS 305.560(1)(a), which authorizes appeals in this court "[e]xcept for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue * * *." (*See* Def's Response at 12 (Defendant "has discretionary authority to waive [penalties] upon a showing of good cause. But the Tax Court has no such authority.").) The court concludes that Defendant's argument is not entirely on point. First, it is not clear to the court that Relator seeks a "waiver" of penalty or interest; she has requested a "stay," the plain meaning of which is a delay, not a final disposition. Second, the court has independent discretion in some circumstances. *See, e.g.,* ORS 305.419(3) ("If the tax court finds undue hardship, the tax court judge may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section."); ORS 305.437 (requiring court to award penalty "in an amount not to exceed $5,000"). The issue here, however, is that the petition does not specify the penalties and interest as to which Relator seeks a stay. Because the court cannot definitively determine at this early procedural stage that Relator's Claim (3) is within or outside the court's jurisdiction, the court will not dismiss Claim (3) for lack of jurisdiction. *See State ex rel Portland Habilitation Center*, 353 Or at 60 ("Alternatively, if the court initially determines that the relator has no such remedy available, *or determines that the answer to that question is unclear*, and also determines that it may issue an alternative writ under ORS 34.110, then the court (or judge thereof) 'shall' allow and direct the issuance of an alternative writ, as set out in ORS 34.130(3).") (emphasis added).

*Claim (4): Request for Audit.* Under the first part of the *Sanok* framework, the court determines that Request 8, too, is a claim unto itself (Claim (4)). Relator identifies no statute that expressly confers jurisdiction in the Tax Court to contest a decision by Defendant whether to audit another taxpayer.[7] Defendant points to no statute that precludes jurisdiction in this court or vests jurisdiction elsewhere. Finding no statute that expressly confers or precludes jurisdiction over Claim (4), the court moves on to the third *Sanok* inquiry: whether Relator's requested relief has any bearing on taxability or the amount of tax. As with Claim (2), any effect of another taxpayer's audit on Relator's tax liability is speculative. The court concludes that it does not have jurisdiction over Claim (4).

*Claim (5): Harassment, fraud, emotional distress.* To the extent that Relator directs her allegations of harassment, fraud, or emotional distress against Defendant, the analysis under *Sanok* points squarely to a conclusion that this court lacks jurisdiction because the allegations sound in tort and do not affect Relator's tax liability. *See Sanok*, 294 Or at 701. The court agrees with Defendant that the allegations are outside the court's jurisdiction.

2.    *Conclusions as to Jurisdiction*

Applying the steps required by *Sanok* and restated in *Hefflinger*, the court is not precluded from issuing the writ of mandamus for lack of jurisdiction as to:

- Claim (1), because this claim is within the jurisdiction of the Tax Court; and

---

[7] ORS 305.275(1) allows appeal to this court based on "an act, *omission*, order or determination" of Defendant, if the person appealing is "aggrieved and affected" by the act or omission. The court is not persuaded that this statute constitutes an "express" grant of jurisdiction, as repeatedly stated in *Sanok*. The plain meaning of "omission" implies a "duty" to do the thing omitted, and Defendant appears to have discretion to decide whether to conduct an audit in most instances. *See Webster's Third New Int'l Dictionary* 1574 (2002) (defining "omission" as "apathy toward or neglect of duty"); ORS 305.265(2) ("As soon as practicable after a report or return is filed, the department shall examine or audit it, if required by law *or the department deems such examination or audit practicable*.") (emphasis added).

- Claim (3), because the court is unable to determine at this stage whether the court has jurisdiction.

However, the court lacks jurisdiction as to Claims (2), (4), and (5).[8]

B.    *Plain, Speedy, Adequate Remedy at Law*

Having concluded that the Tax Court has subject matter jurisdiction over Claim (1), and may have subject matter jurisdiction over Claim (3), the court must determine whether Relator has a "plain, speedy and adequate remedy in the ordinary course of the law" as to those Claims that precludes issuance of the writ of mandamus. ORS 34.110; *see also State ex rel Portland Habilitation Center,* 353 Or at 60 ("If a circuit court determines on review of a petition that the relator has [a plain, speedy and adequate] remedy available, then the court is precluded from issuing an alternative writ."). Defendant argues that Relator has a plain, speedy, and adequate remedy at law for Claims (1) and (3), namely, to appeal to the Magistrate Division. (*See* Def's Response at 18 ("the taxpayer may appeal any refund denial or notice of assessment to the Tax Court. * * * These refund claim procedures provide an adequate, speedy remedy that precludes mandamus.").)

Generally, an appeal provides an adequate remedy that negates the court's authority to issue a writ of mandamus; the burden is on the relator to demonstrate why an appeal is not plain, speedy, or adequate. *See State ex rel Dewberry v. Kulongoski*, 220 Or App 345, 352, 187 P3d 220 (2008) ("relators must demonstrate that such a 'plain, speedy and adequate remedy' is *not* available") (emphasis in original), *aff'd* 346 Or 260, 210 P3d 884 (2009); *Wise v. Hays*, 74 Or

---

[8] Defendant's Motion to Dismiss raises an additional basis for lack of jurisdiction: that Relator has not paid the taxes, interest, and penalties due under ORS 305.419. The court's ruling on the issues presented above renders this issue moot.

App 245, 247, 701 P2d 1054 (1985) (judicial review of agency action "is an adequate remedy within the meaning of ORS 34.110"); *School Dist. No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 570, 499 P2d 1309 (1972) ("In every situation, before the writ will lie, it must be shown that an appeal would be inadequate."); *State ex rel Anderson v. Miller*, 320 Or 316, 323, 882 P2d 1109 (1994) ("[d]irect appeal is an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation."). An adequate remedy is one that affords "any and all relief to which the relator is entitled." *Id*. at 322 (*citing State ex rel Hupp etc. Corp. v. Kanzler*, 129 Or 85, 97, 276 P 273 (1929)).

Here, Relator has not made any allegations or arguments as to why an appeal to the Magistrate Division would not provide a plain, speedy, and adequate remedy for Claims (1) and (3). Relator does not argue that the magistrate could not grant all of the requested relief, nor does she describe how she would suffer a special loss beyond the burden of litigation. Relator devotes a portion of her response brief to arguments about the period of limitations. (*See, e.g.,* Rel's Response at 7.) However, to the extent Relator argues that her right of appeal to the Magistrate Division is not an "adequate" remedy because she did not exercise that right within the time prescribed by law, the court disagrees. *Wise v. Hays*, 74 Or App at 247 (quashing mandamus petition by relator who had failed to timely seek judicial review).[9]

The court concludes that, as to the claims within the Tax Court's jurisdiction, Relator has another plain, speedy, and adequate remedy that precludes the court from issuing the writ of mandamus. Therefore, the court dismisses Relator's petition for writ of mandamus in full.[10]

---

[9] Defendant points out that Relator already has an appeal pending in the Magistrate Division, in TC-MD 250116R. Nothing in this order expresses any view as to the parties' substantive or procedural positions in that case.

[10] On February 2, 2026, relator filed a document entitled "Relator Declaration in Objection to Defendant's Motion to Dismiss and in support of Order-Writ of Mandamus." This was one of several unsolicited filings not contemplated in the court's direction to the parties. (*See also* "Relator New Information & Authorities In Support of Refund All Years" (Feb 9, 2026).) To the extent that these documents seek to amend Relator's petition for writ of

C.      *Writ of Review*

The court next considers whether to issue a writ of review as an alternative form of relief, ultimately concluding that the court lacks jurisdiction to do so because the petition was filed outside the 60-day time limit prescribed in ORS 34.030.

Construing the petition as one for a writ of review raises several issues.  First, the evidence that Petitioner seeks a writ of review is thin.  She captioned her filing as a petition for writ of mandamus, and the petition cites a review statute only in passing.  (*See* Rel's Petition, Legal References Appendix (noting a reference to ORS 34.040 at entry 75).)  Second, the same subject-matter limitations discussed above would limit the court's review to only Claim (1) and possibly Claim (3).  *See* ORS 34.030(2) (limiting Regular Division's authority to issue writ of review to cases within its subject matter jurisdiction under ORS 305.410).  Finally, the court's authority to review is limited to a "decision or determination" of an "inferior court" or of an "officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions."  *See* ORS 34.020 (decision or determination requirement); ORS 34.040(1) (exception for "agency" decisions).  Defendant argues that its decisions are not subject to writs of review because it is an "agency" within the meaning of ORS 183.310(1) and ORS 34.040(1).

The court concludes that it lacks jurisdiction to reach any of the foregoing issues because, on its face, the petition was not filed "within 60 days from the date of the decision or determination sought to be reviewed," as required by ORS 34.030(1).  According to the petition, the latest possible date of any "decision or determination" by Defendant was "May 2025," when

---

mandamus, the court concludes that the actions requested fit within one or more of the same claims discussed above. This order dismisses all claims in all filings.

Petitioner "discovered" the conduct at issue. (*See* Rel's Petition at 2 ("the Relator discovered that DOR violated statute and committed unlawful tax assessment against the Relator between January-April 2025 & * * * The Relator discovered the failure by DOR of statutory collections procedures against the Employer and fraudulent tax assessment of the Relator, May 2025. DOR engaged in this abusive tax scheme, Years 2009-2022, and probably earlier years.").) The petition was not filed until September 24, 2025, some 116 days after May 31, 2025. The 60-day requirement is jurisdictional. *See Huffman v. Yerkovich*, 34 Or App 811, 816, 579 P2d 893 (1978) ("The time for filing the petition for a writ of review is jurisdictional.").

The court lacks jurisdiction to consider the petition as one for writ of review.

III.    ORDERS

For the foregoing reasons, now, therefore,

IT IS ORDERED that Relator's petition is dismissed to the extent that it seeks issuance of a writ of mandamus.

IT IS FURTHER ORDERED that the petition is dismissed to the extent that it seeks issuance of a writ of review; and

IT IS FURTHER ORDERED that Defendant's motion to dismiss the petition is denied as moot to the extent based on other grounds.

Dated this 13th day of July, 2026.

7/13/2026 11:34:54 AM

Judge Robert T. Manicke